IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN AQUILA, and | : | CIVIL ACTION |
| MELINA DOBRIKOVIC-AQUILA | : | |
| and CHRISTIAN AQUILA, JR., a minor | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 07-2696 |
| | : | |
| NATIONWIDE MUTUAL | : | |
| INSURANCE COMPANY | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE                                                                December    9, 2008
UNITED STATES MAGISTRATE JUDGE

**I.     Introduction**

Presently before the Court is the "Motion Seeking Recusal of the Trial Judge" filed by counsel for Plaintiffs Christian Aquila, Sr. and Milena Dobrikovic, Frank J. Marcone, Esquire ("Marcone"), on November 17, 2008. (Doc. 87). Defendant Nationwide Mutual Insurance Company ("Nationwide") filed a response in opposition to the motion on November 28, 2008. (Doc. 89). For the reasons that follow, we will issue an Order denying the motion.

**II.    Legal Standard**

The touchstone for a motion seeking the recusal of a presiding district court judge is 28 U.S.C. § 455 which provides, in pertinent part:

> § 455.  Disqualification of justice, judge, or magistrate
> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

While a litigant seeking recusal "need not show actual bias on the part of the court," recusal pursuant

to § 455(a) is merited only where "a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard." *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004).

Conversely, a presiding district court judge bears the simultaneous and equal duty to not recuse himself where recusal is not warranted by the circumstances. Our Supreme Court has made clear that "a federal judge has a duty to *sit* where *not disqualified* which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (citations omitted) (emphasis in original) (Rehnquist, J.) (denying recusal motion); *see also Petruska v. Gannon Univ.*, 2007 U.S. Dist. LEXIS 77768, *13 (W.D. Pa. Oct. 19, 2007) (citing *Laird* for same proposition).

Generally, motions seeking recusal must allege the existence of some "extrajudicial factor." *United States v. Nation*, 451 F.3d 189, 208 (3d Cir. 2006). An extrajudicial factor exists, for instance, where "a judge has acquired a dislike of a litigant because of events occurring outside of the courtroom," and in such case "a duty to recuse might ensue." *Id.* Where a motion fails to suggest the existence of an extrajudicial factor, recusal is only appropriate where the litigant demonstrates that the presiding judge possesses a "deep-seated or high degree of favoritism or antagonism that would make fair judgment impossible." *United States v. Wecht*, 484 F.3d 194, 213 (3d Cir. 2007) (internal quotations omitted). The Supreme Court has further noted:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See United States v. Grinnell Corp.*, 384 U.S. at 583. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of

> facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).

Here, Marcone sets out no allegations of misconduct in this case but rather asserts that recusal is necessary because of certain of the Court's rulings in a totally unrelated case, *Schutter v. Herskowitz*, Civil Action Number 07-3823 ("*Schutter*"). (Doc. 87 at 11). We thus proceed to set out the relevant details of the *Schutter* proceedings such as to determine whether Marcone has established that the Court has "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

### III.   Relevant Factual History of the *Schutter* Matter

In *Schutter*, Plaintiff Stephen Schutter, as a prospective buyer of a property in Philadelphia, brought a five-count complaint against the prospective seller, David Herskowitz ("Herskowitz"), and against the agent, Philip Banks ("Banks"). Marcone served as counsel for Banks.[1] Banks filed both an answer to the complaint on November 20, 2007 and a five count counterclaim for services rendered, attorneys fees, libel and slander, and punitive damages. (*Schutter*, Doc. 10).

After four counts of Banks's counterclaim were dismissed, only Count One, which asserted a claim for (a) "a commission as acting as an agent" and (b) reimbursement for hiring counsel "for the purposes of preparing and procuring releases," remained. (*Schutter*, Doc. 10 at p. 13, ¶¶ 24, 25). That count, however, was disposed of by our June 30, 2008 grant of Schutter's summary judgment motion. (*Schutter*, Doc. 129). Significantly, our grant of summary judgment as to part (b) of the

---

[1] Subject matter there was predicated upon diversity of citizenship under 28 U.S.C. § 1332.

count was predicated upon the fact that the services for which Banks sought reimbursement, performed by Marcone, had been performed while Marcone was serving a five year suspension from the bar of the Commonwealth of Pennsylvania and was outside the scope of Marcone's limited permission to appear before the United States District Court for the Eastern District of Pennsylvania, and thus constituted unauthorized practice of state law in violation of Pennsylvania Disciplinary Rule of Enforcement 217(j).[2] (*Schutter*, Doc. 129 at 9-11).  We denied Banks's motion for reconsideration of that issue, specifically finding that Marcone's admission to practice law before the Eastern District did not allow him a "broad latitude to practice law so long as some possibility of future litigation before our court exists," but rather only allowed him to "appear on matters properly within the jurisdiction of the Eastern District." (*Schutter*, Doc. 156 at 11) (quoting *Surrick v. Killion*, Civ. A. No. 04-5668, 2005 U.S. Dist. LEXIS 6755, *37 (E.D. Pa. Apr. 18, 2005)).

Given our June 30, 2008 holding, we concluded that we were obligated by Local Rule of Civil Procedure 83.6.V.A. to report the unauthorized practice of law to Chief Judge Harvey Bartle III.[3]  We did so on July 16, 2008.

Prior to our grant of summary judgment upon the remaining counterclaim count, on June 5, 2008 Marcone filed a motion seeking sanctions under Fed.R.Civ.P. 11 against Schutter and

---

[2] Marcone was, and is presently, serving a five year suspension from the bar of the Commonwealth by order of the Pennsylvania Supreme Court. *See Office of Disciplinary Counsel v. Marcone*, 579 Pa. 650, 858 A.2d 533 (2004).

[3] The rule provides, in relevant part: "When the misconduct or other basis for action against an attorney . . . or allegations of the same which, if substantiated, would warrant discipline or other action against an attorney admitted to practice before this court shall come to the attention of a Judge of this Court, whether by complaint or otherwise, and the applicable procedure is not otherwise mandated by these Rules, *the judge shall refer the matter* to the Chief Judge . . . ." Local R.Civ.P. 83.6.V.A. (emphasis added).

Herskowitz and their respective counsel, and seeking the disqualification and referral to appropriate disciplinary authorities of all opposing counsel. (*Schutter*, Doc. 95). The primary basis for his motion was that opposing counsel had erroneously referred to Marcone's status with the Commonwealth bar as a "disbarment" rather than a suspension. (*See Schutter*, Doc. 95 at 1, 7-8). The motion, however, was unsigned in violation of Fed.R.Civ.P. 11(a); failed to attach "a form of order which, if approved by the Court, would grant the relief sought by the motion" in violation of Local Rule of Civil Procedure 7.1; and was presented to the Court without having been first presented to the opposing parties and their counsel in violation of Fed.R.Civ.P 11(c)(2). (*See Schutter*, Docs. 95 and 127). Schutter filed a motion to strike Marcone's motion the next day. (*Schutter*, Doc. 95). Marcone never responded. We granted the motion to strike on June 27, 2008. (*Schutter*, Doc. 127).

Also prior to our grant of summary judgment upon the remaining counterclaim count, difficulties arose during discovery. Specifically, Marcone's client failed to provide compliant responses to Herskowitz's discovery requests and failed to provide any response whatsoever to Schutter's discovery requests. On May 7, 2008, we ordered Banks to provide Schutter with responses to discovery. (*Schutter*, Doc. 81). He never did. On May 14, 2008, we ordered Banks to provide Herskowitz with responses to discovery that were signed and verified by an attorney of record. (*Schutter*, Doc. 86). He never did. In the same Order, we directed that Banks pay Herskowitz $787.50 in reasonable attorneys fees and expenses. (*Schutter*, Doc. 86). He never did. Finally, on May 29, 2008, we ordered Banks to pay Schutter $796.90 in reasonable attorneys fees and expenses. (*Schutter*, Doc. 89). Once again, he never did. Rather, in response to Plaintiff's subsequent motion for an order to show cause why Banks should not be held in contempt for his

5

failure to comply with this order, Banks asserted for the first time a specious argument that the sanctions must be somehow be shouldered by Schutter. (*See Schutter*, Doc. 119 at 3).

In light of the failures to provide the ordered discovery and to pay the counsel fees as directed, we ordered Banks to show cause as to why he should not be held in contempt of court for those failures. (*Schutter*, Doc. 132). A hearing for the matter was scheduled for July 11, 2008. (*Schutter*, Doc. 132). One day prior to the hearing, however, Marcone, citing an "irrevocable breakdown" between he and Banks, filed a motion seeking to withdraw as counsel of record. (*Schutter*, Doc. 139). Accordingly, rather than proceeding with the show cause hearing on July 11, the Court instead heard argument from both Marcone and Banks regarding Marcone's motion to withdraw. We denied Marcone's motion but, prompted by several statements made by Banks upon the record indicating a "lack of communication from Marcone regarding the procession of [the] case" and Banks's resulting "lack of knowledge of regarding [the] pertinent orders from this Court," we ordered Marcone to show cause as to "why he should not be held in contempt for whatever role he played in Banks's failure to comply" with the relevant discovery and sanctions Orders. (*Schutter*, Doc. 143 at 1 & 3, ¶¶ 2 & 6).[4]

That hearing was scheduled for August 27, 2008. (*Schutter*, Doc. 144). Upon Banks's obtaining new counsel, we then permitted Marcone to withdraw as counsel (*Schutter*, Doc. 152), but had to adjourn the August 27, 2008 hearing date due to a report that Banks had suffered a medical emergency. (*See Schutter*, Docs. 153-55, 157). The hearing was thus re-scheduled for October 24, 2008. Although Banks was again hospitalized on that date, recognizing that the hearing had already

---

[4] We also issued Marcone at least three reminders as to why he had been ordered to show cause. (*See Schutter*, Docs. 152 at n.1, 157 at ¶ 5, 168 at ¶ 5).

been postponed twice previously, the Court heard testimony on the Show Cause Order from Marcone, now represented by attorney Samuel Stretton, Esquire. (*See Schutter*, Doc. 195). The hearing was then adjourned and scheduled to reconvene so as to hear testimony from Banks on December 1, 2008. (*Schutter*, Doc. 193). We ordered Marcone to appear on that date so as to make himself available for further cross-examination. (*Schutter*, Doc. 193 at ¶ 3). That date was subsequently continued due to Banks being hospitalized again, and was re-scheduled for December 10, 2008. (*Schutter*, Doc. 217). With this relevant procedural history of the *Schutter* matter in mind, we proceed to address the grounds asserted by Marcone in support of his motion for recusal.

**V.   Discussion**

We note, at the outset, that Marcone does not assert any claim of actual bias or prejudicial treatment. Indeed, as Nationwide has pointed out and the record makes clear, we have demonstrated patience with Marcone as evidenced by our grant of several deadline extensions and our acceptance of several untimely filings. (*See* Doc. 89 at 11-12 (citing five late filings, three grants of deadline extensions, and grant of leave to join additional Plaintiffs)).

Marcone nonetheless seeks our recusal for several reasons, all associated with the *Schutter* proceedings. While we again note that our rulings in this unconnected case cannot, except for extraordinary circumstances, form the basis of a recusal in this case, we proceed to address each basis asserted by Marcone in turn.[5]

---

[5] Marcone ominously asserts that certain of our rulings were "both libelous as well as slanderous" and "expose[] Judge Strawbridge to personal liability and is outside the protection afforded him under judicial immunity." (Doc. 87 at ¶ 14). Notwithstanding the specious nature of these assertions, it is well-settled that "threats of judicial misconduct charges or impeachment efforts, standing alone," do not create a basis for disqualification. *Conklin v. Warrington Twp.*, 476 F. Supp. 2d 458, 464 (W.D. Pa. 2007); *see also United States v. Evans*, 262 F. Supp. 2d
(continued...)

First, Marcone expresses his dissatisfaction with certain actions and inactions on the part of his former client in the *Schutter* matter. (*See* Doc. 87 at ¶¶ 6-7, 17-21). He fails, however, to provide any support for the implicit assertion that the conduct of this former client provides a basis for requiring a presiding judge's recusal in this unrelated case.

Marcone next asserts that recusal is warranted because we did not rule in his favor on a Fed.R.Civ.P. 11 motion he filed in this unrelated case. (*See* Doc. 87 at ¶ 15). The record demonstrates, however, that, rather than "summarily dismiss[ing]" the motion, we in fact disposed of it by granting Schutter's motion to strike for reasons explicitly laid out in our Order of June 27, 2008. (Doc. 127). There we noted that Marcone had failed to even respond to the motion to strike and, beyond that, had failed to comply with the specific requirements of Fed.R.Civ.P. 11 and Local R.Civ.P. 7.1. His disagreement with this ruling is not a proper basis for recusal. *See Liteky*, 510 U.S. at 555.

Marcone also asserts that we must recuse due to our conclusion that he engaged in an unauthorized practice of state law; a conclusion, Marcone asserts, which was made "without any basis in law or facts." (Doc. 87 at ¶ 12).[6] Marcone's continued disagreement with the merits of our

---

⁵(...continued)
1292, 1296 (D. Utah 2003) (quotation omitted) (citing "well established judicial rejection of a rule that would permit a litigant or attorney to disqualify a judge by criticizing him"); *In re Mann*, 229 F.3d 657, 658-59 (7th Cir. 2000) (filing of judicial misconduct charge in reaction to court's decision insufficient ground for disqualification); *In re United States*, 158 F.3d 26, 35 (1st Cir. 1998) (ruling that "party cannot cast sinister aspersions, fail to provide a factual basis for those aspersions, and then claim that the judge must disqualify herself because the aspersions, ex propio vigore, create a cloud on her impartiality"). As such, Marcone's accusations do not provide a legitimate basis for recusal.

[6] Marcone additionally asserts that he provided us with "a brief which contradicts with authority, the erroneous conclusion arrived at by Judge Strawbridge and once again, Judge
(continued...)

8

ruling notwithstanding, we remain satisfied that our ruling was, in fact, properly grounded in both the law and the facts of the matter. Once again we note that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Again, Marcone fails to assert the existence of any extrajudicial source and fails to demonstrate, as he must, that our ruling evidences any sort of "deep-seated favoritism or antagonism" so as to merit recusal. *Id.* Further, recusal would certainly not be mandated, as asserted by Marcone, where we merely provided a report to Chief Judge Harvey Bartle III, as we were obligated to do under Local R.Civ.P. 83.6.V.A.[7]

Next, Marcone asserts that we must recuse due to an alleged "personal dispute" between himself and the Court (Doc. 87 at ¶ 23) which, Marcone asserts, arose in part upon our "cit[ing] Marcone for Contempt [sic] for an undefined claim [that the Court] spontaneously conjured." (Doc.

---

[6](...continued)
Strawbridge has chosen to completely ignore the law and the facts." (Doc. 87 at ¶ 13). The "brief" to which Marcone refers, however, was never filed in response to Schutter's motion seeking which prompted our finding as to Marcone's unauthorized practice of law, but rather was filed in a motion seeking reconsideration of that ruling. In fact, Marcone never responded to that motion, choosing instead to argue the merits for the first time in the motion for reconsideration. At that stage, however, a litigant bears a heightened burden of persuasion than he or she faces in simply opposing a particular motion. Specifically, a litigant seeking reconsideration "must persuade the court that not only was the prior decision wrong, 'but that it was clearly wrong and that adherence to the decision would create a manifest injustice.'" *Burns v. Slippery Rock Univ. of Pa.*, No. 06-318, 2007 U.S. Dist. LEXIS 63406, *3 (W.D. Pa. Aug. 28, 2007) (quoting *McCloud v. City of Sunbury*, CA No. 04-2332, 2006 U.S. Dist. LEXIS 16560, *4 (M.D. Pa. Apr. 3, 2006) and citing *In re City of Philadelphia Litig.*, 158 F.3d 711, 718 (3d Cir. 1998)). Marcone fails to appreciate this heightened burden of persuasion.

[7] It is generally accepted that "judicial referrals of counsel for disciplinary review do not, in themselves, constitute grounds for disqualification." *Conklin*, 476 F. Supp. 2d at 464; *see also United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006) (finding that referrals to disciplinary counsel "do not in themselves call into question the impartiality of a judge"); GUIDE TO JUDICIARY POLICIES AND PROCEDURES IV-149 (1998) ("[W]hen a judge files a complaint of unprofessional conduct against a lawyer . . . and the lawyer is before the judge as counsel . . . in a later case, it is not required that the judge recuse on grounds of bias or prejudice simply because the complaint was filed.").

87 at ¶ 23).

The record makes clear, however, that far from being "spontaneously conjured," our Order arose out of Marcone's dispute with his client which led to Marcone's motion to withdraw due to the breakdown in their relationship. It was specifically predicated upon representations made by Banks upon the record, in the presence of Marcone, regarding Banks's lack of knowledge of the pertinent discovery Orders with which he had failed to comply and which led directly to the sanctions Order upon Banks. (*See* Doc. 143). Of specific concern were the following representations made by Banks:

> MR. BANKS: I find myself in court on a contempt citation. I never knew that this contempt citation existed until last week. I've never seen the Court's orders to pay or to respond to interrogatories. I had lunch with Mr. Marcone for three hours on June the 17th of this year. It's the first time I saw one of the interrogatories. . . . So I am telling you very seriously, I've never seen the interrogatories. That's not true, I saw one on June 17th. I've never seen the court orders. Now, I am finding out things for the very first time with an attorney of whom [sic] we've been friends for many years and I'm very fond of him. And I've totally lost confidence. . . . I have no idea what the hell is -- I'm sorry -- what's going on in this case. . . . Then it says, yet to comply with two court orders. I've never seen a court order. I've never been served with a court order and counsel has never shown me one. . . . I'm just, I have no confidence in his representation.

(*Schutter*, N.T. 7/11/08 at 27-29). Notwithstanding Marcone's characterization of Banks's representations as nothing more than "a careless and 'casual' remark" (Doc. 87 at 14), we determined that these serious allegations, which followed upon a persistent failure to comply with discovery obligations and certain direct Orders of this Court (*see Schutter*, Doc. 140 at 6-12, 32), in fact necessitated explanation from Marcone.

Further, the record makes clear that we did not, in fact, cite Marcone for contempt. The

Order to which Marcone refers was, rather, an Order directing him to show cause as to why he should not be held in contempt.  (*See* Doc. 143).  Marcone's assertions regarding an alleged due process deprivation (*see* Doc. 87 at ¶ 23.3.) are thus misguided and premature in that no contempt finding has ever been made.  Likewise, far from directing Marcone to show cause as to some "undefined claim," the Order in fact specified that Marcone was to show cause as to why he should not be held in contempt for any role he may have had in Banks's failures to provide discovery, to comply with discovery Orders, and to pay the accompanying sanctions.  (*See* Doc. 143).[8]

We are once again mindful that such "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" *Liteky*, 510 U.S. at 555, and Marcone fails to assert that our ruling was the product of an extrajudicial source.  He likewise fails to demonstrate, as he must, that our ruling evidences any sort of "deep-seated favoritism or antagonism" so as to merit recusal.  *Id.*  As such, Marcone does not provide a legitimate basis for recusal.

Finally, by his motion Marcone infers that we have somehow granted preferential treatment to other parties in the *Schutter* matter the granting of continuances.  Specifically, he asserts that we have "been very liberal with informal continuances sought by Philip Banks but when asked to continue the appearance for [sic] Marcone, [Judge Strawbridge] has insisted on formal proof and has

---

[8] Marcone additionally asserts that he wrote us a letter "seeking a more specific citation and basis [for the alleged finding of contempt] however once again Judge Strawbridge failed to respond." (Doc. 87 at ¶ 22).  The letter to which Mr. Marcone refers, however, sent on August 14, 2008, discussed several additional substantive topics pertaining to the *Schutter* matter and had not been sent to opposing counsel.  Accordingly, it constituted an improper *ex parte* communication with the Court and a communication which, we informed Marcone, we would not address until such time as Marcone sent a copy to opposing counsel.  (*See Schutter*, N.T. 8/15/08 at 13-15).  Marcone never followed up with the Court on the subject.

In any event, the record demonstrates that we subsequently issued Marcone no fewer than three reminders as to why he had been ordered to show cause.  (*See Schutter*, Docs. 152 at n.1, 157 at ¶ 5, 168 at ¶ 5).

11

invited other counsel to become involved when they had no interest in the "contempt" cited by the Court." (Doc. 87 at 14).

Marcone's assertion is inaccurate, however, as the record makes clear that the sought continuances were not "informal," and our grant of these continuances was not "liberal." The record demonstrates that we have granted four continuances in that case, all at Banks's request. The first was granted pursuant to Banks's own oral motion made upon the record on July 11, 2008 (*see, e.g., Schutter*, N.T. 7/11/08 at 30) and was granted to accommodate Marcone given his request to withdraw as counsel when no substitute counsel was prepared to enter an appearance. We deemed it appropriate to grant that continuance over strong objection from Schutter in light of the difficulties between Marcone and Banks which, through no fault of Schutter's, were not brought to the Court's attention until 6 days before trial was set to commence. The second continuance was granted pursuant to a properly supported, formal motion filed on August 20, 2008, and in light of Banks's documented hospitalization. (*See Schutter*, Docs. 154-55, 157). The third and fourth continuances were granted pursuant to oral requests made upon the record by Banks's new counsel and in light of the fact that Banks had again been hospitalized on the date that proceedings were scheduled to commence. We received adequate documentation from medical professionals demonstrating that Banks had, in fact, been hospitalized, and we were unprepared to question the veracity or the motives of these medical professionals at that time. Perhaps tellingly, Marcone filed no opposition to any of Banks's requested continuances at the time they were made.

Just as we required proof from Banks in support of his sought continuances, we sought proof from Marcone when he, on November 12, 2008 (*see Schutter*, Doc. 194), sought a continuance in the Show Cause hearing. (*See Schutter*, Doc. 196). Rather than provide such proof, however (as

Banks had done), Marcone withdrew the motion. We accepted his withdrawal. (*See Schutter*, Docs. 197, 199). Clearly, to the extent that Marcone suggests that we have either been too liberal in our granting of continuances or that we have given others preferential treatment in doing so, the assertion fails to withstand scrutiny. Marcone does not provide a legitimate basis for recusal.

**VI.     Conclusion**

In conclusion, Marcone fails to provide any legitimate grounds for our disqualification. As such, and mindful of our "duty to sit where not disqualified " *Laird*, 409 U.S. at 837, Marcone's motion must be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN AQUILA, and | : | CIVIL ACTION |
| MELINA DOBRIKOVIC-AQUILA | : | |
| and CHRISTIAN AQUILA, JR., a minor | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 07-2696 |
| | : | |
| NATIONWIDE MUTUAL | : | |
| INSURANCE COMPANY | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this 9th day of December, 2008, upon consideration of the "Motion Seeking Recusal of the Trial Judge" filed by counsel for Plaintiffs Christian Aquila, Sr. and Milena Dobrikovic, Frank J. Marcone, Esquire, on November 17, 2008 (Doc. 87) and the response thereto from Defendant Nationwide Mutual Insurance Company filed on November 28, 2008 (Doc. 89), **IT IS HEREBY ORDERED THAT** the motion is **DENIED IN ALL RESPECTS**.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE