IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN AQUILA | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | NO. 07-2696 |
| NATIONWIDE MUTUAL INSURANCE COMPANY | : | |
| Defendant. | : | |

### MEMORANDUM OPINION

DAVID R. STRAWBRIDGE                                         January 9, 2009
UNITED STATES MAGISTRATE JUDGE

**I.**  **Introduction**

On January 6, 2009, following upon oral argument held on January 5, 2009, and for reasons indicated on the record and to follow in a memorandum opinion, this Court issued an Order (Doc. 103) disposing of various motions and responses thereto, including Defendant Nationwide Mutual Insurance Company's ("Nationwide") "Motion to Preclude Plaintiffs' Expert, Thomas Bishop and Thomas Tuohey, From Testifying at Trial" ("Bishop" and "Tuohey," respectively) filed on October 3, 2008 (Doc. 74); Nationwide's related "Motion in Limine to Preclude Plaintiff's Experts" from testifying at trial, filed on December 29, 2008 (Doc. 95); Nationwide's "Motion in Limine Regarding Fact Witness Jeanann Dobrikovic" ("Jeanann") filed on December 29, 2008 (Doc. 95); and the combined "Renewed Motion Seeking Recusal, Motion to Continue Date for Trial and to Permit Nunc Pro Tunc Responses to Motions" filed by counsel for Plaintiff Christian Aquila, Frank J. Marcone, Esquire ("Marcone"), on January 5, 2009 (Doc. 100). We now issue this "memorandum to follow."

II.     Discussion

    A.     **Preclusion of Bishop and Tuohey**[1]

The Supreme Court has charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony under Fed.R.Evid. 702.[2]  *Daubert v. Merrell Dow Parmaceuticals, Inc.*, 509 U.S. 579, 597 (1993).  This responsibility extends to testimony based not only on scientific knowledge but, as would be applicable here, to testimony based on technical or other specialized knowledge as well.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).  Fed.R.Evid. 702 provides, in full:

> Rule 702.  Testimony by Experts
> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Third Circuit has determined that Fed.R.Evid. 702 requires a district court to address a "trilogy of restrictions" on the admissibility of expert testimony.  *See Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 320-21 (3d Cir. 2003).  First, the witness must be qualified as an expert through knowledge, skill, experience, training or education.  *Id.*  Second, the testimony must be reliable, or, be based upon reliable principles and methods.  *Id.*  Third, and of particular concern to

---

[1] Bishop's report is contained as Exhibit B to Nationwide's first motion (Doc. 74). Tuohey's is contained as Exhibit C.

[2] Federal Rule of Evidence 104(a) provides that "[p]reliminary questions concerning the qualification of a person to be a witness . . . or the admissibility of evidence shall be determined by the court."

the Court, the expert testimony must "fit," meaning it must be relevant, assist the trier of fact, and reliably apply the principles and methods to the particular facts. *Id*. The "fit" requirement requires a district court to determine, under Fed.R.Evid. 702 and 403, whether such evidence "speaks clearly and directly to an issue in dispute in the case, and that it will not mislead the jury." *United States v. Ford*, 481 F.3d 215, 219 n.6 (3d Cir. 2007) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1321 n.17 (9th Cir. 1995)).[3]

On August 18, 2008, counsel for Aquila submitted copies of one-page expert reports from Bishop and Tuohey. Bishop asserts that he holds "a rank of Trooper First Class" with the Pennsylvania State Police where he is "specifically assigned as a Vehicle Fraud Investigator," and has been for ten years. Tuohey asserts that has "owned auto body shops and auto repair shops and [has] worked in various auto repair shops" throughout the region. Pertinently, he asserts that he has previously operated "tow trucks which had a mechanism attached to the underbody which enabled the [truck's] operator to remove a vehicle so quickly it was unnecessary for the operator to leave the cab of the truck." Both men are offered as experts, and generally purport to testify to the existence of a common means by which auto thieves are able to steal a vehicle "without entering the vehicle or even touching the ignition."

Nationwide filed two motions seeking to preclude their testimony from trial. (Docs. 74 and 95). The October 3 motion (Doc. 74) asserted primarily that the Court, under its duty as gate-keeper pursuant to *Daubert*, should preclude both experts from testifying under Fed.R.Evid. 702 on the

---

[3] The Third Circuit, while not adopting the Ninth Circuit's apparent "presumption of exclusion" with respect to this standard, nonetheless cited the standard with approval. The court further suggested that this standard of "fit" places an even heavier burden regarding relevance upon the party seeking to admit such testimony than that provided in Fed.R.Evid. 402.

basis that Tuohey lacked the necessary "qualifications" to testify as an expert, and that both purported experts lack the necessary indicia of "reliability." (*See* Doc. 74 at 8-11). The December 29 motion (Doc. 95) primarily asserted that the proposed testimony of each expert, given our December 15, 2008, grant of partial summary judgment as to certain aspects of Plaintiff's bad faith claim, was no longer relevant under Fed.R.Evid. 402 and 403. We agree with both rationales, although given that the Fed.R.Evid. 702 "fit" analysis imposes a heavier burden than Fed.R.Evid. 402 and 403, *see Ford*, 481 F.3d at 219 n.6 (quoting *Daubert*, 43 F.3d at 1321 n.17, for proposition that "fit" requirement is not "merely a reiteration of the general relevancy requirement of Rule 402"and reaffirming standard for analyzing "fit" set out in *In re Paoli R.R. Yard Pcb Litig.*, 35 F.3d 717, 745 (3d Cir. 1994), as "'not that high,' but is 'higher than bare relevance'"), we focus primarily upon the question of the "fit" of the testimony under Fed.R.Evid. 702.

While the reports submitted are deficient in many respects,[4] both men may well possess the background and experience sufficient to qualify them as persons with "specialized knowledge" for the limited scope of identifying the existence of a *potential* means by which a car thief *may have* stolen the car at issue in this case. *See, e.g., D&D Assocs. v. Bd. of Educ. of N. Plainfield*, 411 F. Supp. 2d 483, 488 (D.N.J. 2006). We do, however, find that the reports submitted fail to demonstrate that the witnesses would reliably be able to opine on what an insurance representative should do or know with respect to the manner of investigation of a suspicious auto theft claim. Neither are insurance investigators or even report ever having worked in that field. The best that is offered by Tuohey is that he has had "discussions with representatives of Insurance Companies

---

[4] We observe that both reports fall well short of the requirements for "expert" reports set out in Fed.R.Civ.P. 26(a)(2)(B).

[sic]." While Bishop works as a "Vehicle Fraud Investigator," he does not purport to possess *any* experience in the insurance field. Nothing indicates that they would be qualified to render an opinion that would go to the lone relevant issue left in the case – whether the conduct of Nationwide in its investigation of the claim constituted bad faith. They do not have the knowledge, skill, experience, training or education to opine on this subject, their proposed testimony could not be deemed reliable, and it certainly does not "fit" the circumstances of this case.

      **B.**      **Marcone's Combined Motion**

Marcone's renewed motion seeking recusal is predicated upon the same bases as his first motion seeking recusal – all stemming from an unrelated matter, and none asserting actual bias in this case or against Aquila. (*Compare* Doc. 87 *with* Doc. 100). In fact, Marcone confirmed upon the record that he had no issue with the conduct of the Court in this particular case. We specifically asked Marcone during oral argument what circumstances had changed between the time of the first recusal motion and the present motion. Marcone offered only the fact that he had filed two additional motions, which the Court did not grant, which sought dismissal of the Order to show cause that we had issued against him in the unrelated case. Marcone asserted that our failure to grant those motions somehow indicated a new bias against him. Marcone, perhaps by inadvertence, failed to appreciate, however, that it was he himself, through counsel, who had *withdrawn the very motions* to which he referred. (*See* Civ. A No. 07-3823, Doc. 232). It is in fact the case, as we reminded Marcone on the record, that the only actual change in circumstances in the unrelated matter is that we ruled *in his favor* on the Show Cause Order, and discharged him from any and all responsibility associated with his former-client's malfeasance. As such, the motion seeking recusal is summarily denied for the same reasons for which we denied the previous motion.

To the extent that Marcone seeks a longer continuance of trial or the right to file responses *nunc pro tunc*, we note that there have already been two trial settings (October 6, 2008 and November 19, 2008) (*see* Docs. 56 & 66) previous to our most recent grant of a stay in the commencement of trial until January 12, 2009, and note, additionally, that the postponement of the November 19 trial date was granted at Marcone's request (*see* Docs. 79 & 83). Marcone asserted that he needed the continuance to give him time to seek reconsideration of previous Orders limiting his claim. He provided us with nothing to support a colorable argument under Local R.Civ.P. 7.1 as to why such motions would have any merit. When asked what time he needed, he said one to two weeks. We pointed out to him that under the present schedule, he had one week from the time of the January 5 argument to the time we were to start presentation of evidence. We did, however, further accommodate Marcone by adjourning jury selection, which had been ser for January 9, 2009, to January 12, 2009.

An appropriate order, which this memorandum supports, was entered on January 6, 2009. (Doc. 103).

BY THE COURT:

   /s/ David R. Strawbridge   
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE
